UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JAMES JOSEPH FOUNTAIN,

      Petitioner,

v.                                       Case No.  3:16cv82/LC/CJK

JULIE JONES,

      Respondent.

_____/

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed under 28 U.S.C. § 2254, with supporting memorandum.  (Docs. 1, 2).  Respondent filed an answer, providing relevant portions of the state court record.  (Doc. 22).  Petitioner did not reply although invited to do so.  (*See* Doc. 23).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration, the undersigned concludes that no evidentiary hearing is required for the disposition of this matter. Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts.  The undersigned further concludes that the pleadings and attachments

before the court show that petitioner is not entitled to habeas relief, and that the petition should be denied.

BACKGROUND AND PROCEDURAL HISTORY

On June 18, 2012, petitioner, pursuant to a counseled, negotiated plea agreement, entered a no contest plea to the following nine crimes in Santa Rosa County Circuit Court Case Numbers 11-CF-1050 and 11-CF-1065: trafficking in methamphetamine (over 200 grams), possession of a firearm by a convicted felon, unlawful possession of a listed chemical (Pseudoephedrine), possession of a controlled substance without a prescription (Alprazolam (Xanax)), possession of a controlled substance without a prescription (Ecstasy), manufacture or delivery of drug paraphernalia, possession of a controlled substance (less than 20 grams of cannabis), possession of drug paraphernalia, and unlawful possession of a listed chemical (Pseudoephedrine). (Doc. 22, Ex. A, pp. 31-34 (plea agreement);[1] Ex. A, pp. 278-287 (transcript of plea hearing)).[2] In exchange for petitioner's plea, the State

---

[1] All references to exhibits are to those provided at Doc. 22. Unless otherwise noted, when a page of an exhibit bears more than one page number the court cites the number appearing at the bottom left of the page.

[2] The plea hearing transcript does not have page numbers at the bottom left, so the court cites the number appearing at the upper left of the page.

recommended that petitioner be sentenced to a total term of 15 years in prison (to include a number of concurrent sentences), which was the mandatory minimum sentence for the trafficking in methamphetamine charge. (*Id.*). Petitioner's maximum possible sentence, if convicted of all charges after a trial, was 92 years in prison. (*See* Ex. A, pp. 31, 281-82). The trial court conducted a plea colloquy, accepted petitioner's plea, and sentenced him consistent with the plea agreement. (Ex. A, pp. 278-287 (plea and sentencing); Ex. A, pp. 40-51 (judgments)). On May 5, 2015, the Florida First District Court of Appeal (First DCA) affirmed the judgments per curiam without opinion. *Fountain v. State*, 166 So. 3d 770 (Fla. 1st DCA 2015) (Table) (copy at Ex. D).

On August 21, 2015, petitioner filed a *pro se* motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. (Ex. H, pp. 1-11). The trial court denied the motion (*id.*, pp. 13-28), and the First DCA affirmed per curiam without opinion. *Fountain v. State*, 183 So. 3d 352 (Fla. 1st DCA 2016) (Table) (copy at Ex. K). The mandate issued February 16, 2016. (Ex. L).

Petitioner filed his federal habeas petition on February 29, 2016, raising one claim of ineffective assistance of trial counsel. (Doc. 1). Respondent argues that petitioner is not entitled to habeas relief because the state court's rejection of the

claim is neither contrary to, nor an objectively unreasonable application of, clearly established federal law. (Doc. 22, pp. 13-14).

## SECTION 2254 STANDARD OF REVIEW

Federal courts are precluded from granting a habeas petition on a claim that was adjudicated on the merits in state court unless the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's factual determinations are presumed correct, unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1).

The United States Supreme Court explained the framework for § 2254 review in *Williams v. Taylor*, 529 U.S. 362 (2000).[3] Justice O'Connor described the appropriate test:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached

---

[3]Unless otherwise noted, references to *Williams* are to the majority holding, written by Justice Stevens for the Court (joined by Justices O'Connor, Kennedy, Souter, Ginsburg, and Breyer) in parts I, III, and IV of the opinion (529 U.S. at 367-75, 390-99); and Justice O'Connor for the Court (joined by Justices Rehnquist, Kennedy, Thomas, and – except as to the footnote – Scalia) in part II (529 U.S. at 403-13). The opinion of Justice Stevens in Part II was joined by Justices Souter, Ginsburg, and Breyer.

by this court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Id.*, 529 U.S. at 412-13 (O'Connor, J., concurring).

Under the *Williams* framework, the federal court must first ascertain the "clearly established Federal law," namely, "the governing legal principle or principles set forth by the Supreme Court at the time the state court render[ed] its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). The law is "clearly established" only when a Supreme Court holding at the time of the state court decision embodies the legal principle at issue. *See Thaler v. Haynes*, 559 U.S. 43, 47 (2010); *Woods v. Donald*, 575 U.S. —, —, 135 S. Ct. 1372, 1376 (2015) ("We have explained that clearly established Federal law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of this Court's decisions." (internal quotation marks and citation omitted)).

After identifying the governing legal principle(s), the federal court determines whether the state court adjudication is contrary to the clearly established Supreme Court case law. The adjudication is not contrary to Supreme Court precedent merely because it fails to cite to that precedent. Rather, the adjudication is "contrary" only

if either the reasoning or the result contradicts the relevant Supreme Court cases. *See Early v. Packer*, 537 U.S. 3, 8 (2002) ("Avoiding th[e] pitfalls [of § 2254(d)(1)] does not require citation to our cases – indeed, it does not even require awareness of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them."). Where there is no Supreme Court precedent on point, the state court's conclusion cannot be contrary to clearly established federal law. *See Woods*, 135 S. Ct. at 1377 (holding, as to claim that counsel was *per se* ineffective in being absent from the courtroom for ten minutes during testimony concerning other defendants: "Because none of our cases confront the specific question presented by this case, the state court's decision could not be contrary to any holding from this Court." (internal quotation marks and citation omitted)). If the state court decision is contrary to clearly established federal law, the federal habeas court must independently consider the merits of the petitioner's claim. *See Panetti v. Quarterman*, 551 U.S. 930, 954 (2007).

If the "contrary to" clause is not satisfied, the federal habeas court next determines whether the state court "unreasonably applied" the governing legal principles set forth in the Supreme Court's cases. The federal court defers to the state court's reasoning unless the state court's application of the legal principle(s)

was "objectively unreasonable" in light of the record before the state court. *See Williams*, 529 U.S. at 409; *Holland v. Jackson*, 542 U.S. 649, 652 (2004). The Supreme Court described the "unreasonable application" standard this way:

> When reviewing state criminal convictions on collateral review, federal judges are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong. Federal habeas review thus exists as "a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Harrington, supra*, at 102-103, 131 S. Ct. 770 (internal quotation marks omitted).

*Woods*, 135 S. Ct. at 1376 (*quoting Harrington v. Richter*, 562 U.S. 86 (2011)). The § 2254(d) standard "is difficult to meet . . . because it was meant to be." *Richter*, 562 U.S. at 102.

Section 2254(d) also allows federal habeas relief for a claim adjudicated on the merits in state court where that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). The "unreasonable determination of the facts" standard is implicated only to the extent the validity of the state court's ultimate conclusion is premised on unreasonable fact finding. *See Gill v. Mecusker*, 633 F.3d 1272, 1292 (11th Cir. 2011). As with the "unreasonable application" clause, the federal court applies an objective test. *See Miller-El v.*

*Cockrell*, 537 U.S. 322, 340 (2003) (holding that a state court decision based on a factual determination "will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceeding."). Federal courts "may not characterize . . . state-court factual determinations as unreasonable merely because we would have reached a different conclusion in the first instance." *Brumfield v. Cain*, 576 U.S. —, —, 135 S. Ct. 2269, 2277 (2015) (quotation marks omitted).

Only if the federal habeas court finds that the petitioner satisfied AEDPA and § 2254(d), does the court take the final step of conducting an independent review of the merits of the petitioner's claims. *See Panetti*, 551 U.S. at 954. Even then, the writ will not issue unless the petitioner shows that he is in custody "in violation of the Constitution or laws and treaties of the United States." 28 U.S.C. § 2254(a).

## ANALYSIS

| | |
|---|---|
| Ground One | "Trial counsel provided ineffective assistance by: (1) failing to file a motion to dismiss the charge of trafficking in methamphetamine because the facts supported only a lesser charge of either simple possession and/or attempted manufacture of methamphetamine; (2) failing to investigate and formulate a factual defense to the trafficking charge because the 'meth oil' was not actual methamphetamine, and that its weight should not have been aggregated". (Doc. 1, p. 7). |

Petitioner claims trial counsel was ineffective for failing to move to dismiss the trafficking in methamphetamine charge, and/or for not informing him he had a viable defense to that charge, based on this argument: that under Florida law, the 271 grams of "meth oil" he possessed should not have been included in calculating the total weight of methamphetamine for the trafficking offense, because it was not a consumable or marketable mixture. (Doc. 1, pp. 7-9; Doc. 2, pp. 2-9). Petitioner concedes that the "meth oil" he possessed tested positive for the presence of methamphetamine. (Doc. 1, p. 7). Petitioner describes the "meth oil" as "a toxic, unusable, liquid byproduct of the methamphetamine manufacturing process" (doc. 1, p. 9), and "a combination of volatile chemicals from which final-form, street-ready methamphetamine can be extracted" (doc. 2, p. 8). Respondent asserts that petitioner is not entitled to relief because he fails to meet § 2254(d)'s highly deferential standard. Although petitioner's pleadings do not contend, much less explain, how counsel's alleged deficiency affected the voluntary and knowing character of his plea, the issue of waiver will not be discussed as it has not been raised.[4]

---

[4] "Once a plea of guilty [or no contest] has been entered, nonjurisdictional challenges to the conviction's constitutionality are waived, and only an attack on the voluntary and knowing nature of the plea can be sustained." *Scott v. Wainwright*, 698 F.2d 427, 429 (11th Cir. 1983). This waiver includes claims of ineffective assistance of counsel "except insofar as the ineffectiveness

A. Clearly Established Federal Law

The two-part test articulated in *Strickland v. Washington*, 466 U.S. 668 (1984), applies to claims that counsel was ineffective during the plea process. *Hill v. Lockhart*, 474 U.S. 52, 57 (1985) (applying *Strickland*'s two-part test to defendant's challenge to his guilty plea based on ineffective assistance of counsel). The petitioner must establish that: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Trial counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. The burden to overcome that presumption and to show

---

is alleged to have rendered the guilty plea involuntary." *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000); *see also McMann v. Richardson*, 397 U.S. 759, 770-71, 90 S. Ct. 1441, 25 L. Ed. 2d 763 (1970) (holding that the assistance of counsel received by a defendant is relevant to the question of whether the defendant's guilty plea was knowing and intelligent insofar as it affects the defendant's knowledge and understanding); *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992) (holding that by pleading guilty, defendant waived ineffective assistance of counsel claim involving pre-plea issues, where claim was not about defendant's decision to plead guilty); *Bullard v. Warden, Jenkins Corr. Center*, 610 F. App'x 821, 824 (11th Cir. 2015) ("Here Mr. Bullard does not contend that his plea was involuntary due to his counsel's failure to file a motion to suppress, so the ineffectiveness claim is waived by the plea.").

that counsel's performance was deficient "rests squarely on the defendant." *Burt v. Titlow*, 571 U.S. —, 134 S. Ct. 10, 17 (2013).

"Surmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010). "Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult." *Richter*, 562 U.S. at 105. As the Court in *Richter* explained:

> The standards created by *Strickland* and § 2254(d) are both "highly deferential," and when the two apply in tandem, review is "doubly" so. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard.

*Id.* at 105 (citations omitted).

B. Federal Review of State Court's Decision

The parties agree that petitioner presented this claim to the state courts in his Rule 3.850 proceeding. (Ex. H, pp. 1-11). The state circuit court denied relief after concluding that the state-law issue underlying the ineffective assistance claim was based on the "faulty premise" that Florida's trafficking statute (section 893.135, Florida Statutes), reflects a legislative intent to adopt the "market approach"

discussed in *Chapman v. United States*, 500 U.S. 453 (1991), whereby the weight of

any unmarketable portion of a mixture is excluded from the weight of the controlled

substance. (Ex. H, pp. 13-17). The state circuit court, Judge John Miller, rejected

petitioner's interpretation of the statute and concluded that the plain language of

section 893.135 reflects that so long as there is some amount of methamphetamine

in the mixture, the weight of the methamphetamine for purposes of the statute's

threshold is the <u>total weight of the mixture</u>, not just the weight of the controlled

substance in the mixture. (*Id.*). The circuit court then concluded:

> Defendant's trial counsel cannot be considered ineffective for not filing
> a motion to dismiss based on the contention that the "meth oil" at issue
> should not have been considered a "mixture" pursuant to section
> 893.135, Florida Statutes or that the weight of the mixture should be
> based only on the amount of amphetamine the mixture contained. Had
> counsel advised the Defendant that only the weight of the amphetamine
> itself, rather than the weight of the mixture, was what would be
> determinative, such a statement would have constituted misadvice.
> Counsel cannot be "ineffective" for not giving the Defendant erroneous
> legal advice.
>
> The plain language of the Florida statute at issue in this case
> makes no distinction between ingestible and toxic mixtures. If the
> Legislature had intended there to be a distinction, it would not [have]
> used such a broad definition of the word "mixture." <u>See also</u>, §
> 893.135(6), Florida Statutes. Had counsel advanced the legal argument
> now put forth by the Defendant, there is no reasonable probability it
> would have been successful.

(Ex. H, pp. 16-17). The First DCA summarily affirmed. (Ex. K).

The relevant decision for purposes of 28 U.S.C. § 2254, is the First DCA's summary affirmance which is the final state court adjudication on the merits of petitioner's claim. *See Richter*, 562 U.S. at 99-100; *Wilson v. Warden, Ga. Diagnostic Prison*, 834 F.3d 1227, 1235 (11th Cir. 2016) (defining the relevant decision for purposes of § 2254 review as the state appellate court's summary affirmance of the lower tribunal's decision), *cert. granted*, No. 16-6855, 2017 WL 737820 (U.S. Feb. 27, 2017). Where, as here, "the last adjudication on the merits provides no reasoned opinion, federal courts review that decision using the test announced in *Richter*." *Wilson*, 834 F.3d at 1235. *Richter* allows habeas relief only when "there was no reasonable basis for the state court to deny relief." *Richter,* 562 U.S. at 98. "[A] habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the] Court." *Id.* at 102.

The First DCA reasonably could have concluded that petitioner failed to establish deficient performance and prejudice, because his proposed state-law basis for challenging the trafficking charge failed as a matter of state law for the reasons

outlined by the circuit court. This court will not second-guess the state courts' determination of how the weight calculation issue would have been resolved under Florida law had defense counsel done what the petitioner argues he should have done. *See Herring v. Sec'y, Dep't of Corr.*, 397 F.3d 1338, 1354-55 (11th Cir. 2005) (emphasizing that when the state courts have already answered the question of how a state-law issue would have been resolved under that State's law had defense counsel done what petitioner argues he should have done, "federal habeas courts should not second-guess them on such matters" because "[i]t is a fundamental principle that state courts are the final arbiters of state law." (internal quotation marks and citation omitted)); *Callahan v. Campbell*, 427 F.3d 897, 932 (11th Cir. 2005) (same); *see also Wilder v. State*, 194 So. 3d 1050 (Fla. 1st DCA 2016) (rejecting the same state-law based argument petitioner advances here because it is based on "the flawed premise" that section 893.135(7) reflects a legislative intent to adopt the "market approach' discussed in *Chapman*, *supra*).

Because petitioner's proposed state-law argument would have failed, counsel was not ineffective for failing to argue it in a motion to dismiss the trafficking charge or for failing to advise petitioner that the "market approach" argument provided a

viable defense.  *See Herring, supra*; *Callahan, supra*.  The First DCA's decision was not contrary to, or an unreasonable application of, the *Strickland* standard.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  28 U.S.C. § 2254 Rule 11(a).  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. *See* 28 U.S.C. § 2254 Rule 11(b).

"[Section] 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'"  *Miller-El*, 537 U.S. at 336 (*quoting* 28 U.S.C. § 2253(c)).  "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'"  *Buck v. Davis*, 580 U.S. —, 137 S. Ct. 759, 774 (2017) (*quoting Miller-El*, 537 U.S.

at 327). The petitioner here cannot make the requisite showing. Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1.  That the petition for writ of habeas corpus (doc. 1), challenging the judgments of conviction and sentences in *State of Florida v. James Joseph Fountain*, Santa Rosa County Circuit Court Case Nos. 11-CF-1050 and 11-CF-1065, be DENIED.

2.  That the clerk be directed to close the file.

3.  That a certificate of appealability be DENIED.

At Pensacola, Florida this 19th day of December, 2017.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.